In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Lands, Tenements and Hereditaments Required for the Public Park Bounded by Fillmore Avenue, East Thirty-second Street, Avenue

S, East Thirty-third Street, etc., in the Borough of Brooklyn, City of New York. GERRITSEN BASIN DEVELOPMENT CORPORATION and Others, Appellants; THE CITY OF NEW YORK, Respondent. (GERRITSEN CREEK MARINE PARK.) — Motion of appellant Gerritsen Basin Development Corporation for leave to appeal to the Court of Appeals granted. [See *ante*, p. 240.] Motion of appellant The Thomas F. White Company for leave to appeal to the Court of Appeals granted. [See *ante*, p. 240.] Motion of respondent The City of New York denied. This is a motion made by the respondent, The City of New York, for reargument and for correction of alleged inaccuracies in the opinion. In denying the motion we wish to clarify the statement in the opinion that the parties agreed that the term " bay of the East River " means Jamaica bay, and that the Stromkill formed the westerly boundary of the Hudde and Gerritsen patent. With respect to the meaning of the " bay of the East River," the only proof in the record to which our attention has been called, or which we can find, is by the expert, Van Cleef, who testified that, as he understood it, that term meant Jamaica bay. In the opinion of the learned Special Term justice it was stated that " in all probability the Bay of the ' East River ' was intended to identify the body of water now known as Jamaica Bay." In the brief of appellant Gerritsen Basin Development Corporation it was stated as an undisputed fact that the term meant Jamaica bay. At no time prior to this motion do we find that the city disputed that contention, and although it refers to page 22 of its brief, we find nothing there which opposes the contention. It is now contended on this motion for the first time that a different meaning is to be ascribed to the term. We do find, however, that the city did oppose the contention that the Stromkill formed the westerly boundary of the Hudde and Gerritsen patent, but we are of opinion that the proof in the case, inclusive of the various arbitration proceedings and maps used by the experts, established that the Stromkill was the dividing line between the bounds of the adjoining Gravesend patent and the Hudde and Gerritsen patent, and did constitute the westerly boundary of the last-mentioned patent. We are unable to find in the opinion any stressing of a withdrawn concession, made by the city, that the land that the arbitrators of 1695 referred to in citing a court action between the inhabitants of the town of Flatlands and Elbertsen was apparently Barren Island. The opinion does not state that any such concession had been made. [See *ante*, p. 240.] Present — Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ.